IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING                                                               PLAINTIFF

VS.                                                     CIVIL ACTION NO. 4:11cv143-FKB

B. SISTRUNK, et al.                                                          DEFENDANTS

## MEMORANDUM & OPINION

James C. Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 alleging that prison officials have failed to protect him from assaults by other inmates. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

Plaintiff alleges in his complaint, as amended, that prison officials failed to protect him from an assault by inmate Willie Proctor on January 4, 2010, and by inmate Howard Alexander on September 30, 2011. He also complains of threats and violence by other inmates and argues that prison officials' failure to control inmate behavior forces him to live in a "hostile environment."

The Prison Litigation Reform Act (PLRA), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997(e). This exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement. *Alexander v. Tippah Cnty., Miss.*, 351

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

F.3d 626, 630 (5th Cir. 2003).

In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete the Administrative Remedies Program (ARP) process for any of the claims asserted in this action He stated that although he has filed ARP grievances regarding these claims, those grievances are still in "backlog" because of the number of prior grievances filed by him which remain pending. Thus, the undersigned concludes that this matter should be dismissed without prejudice so that Plaintiff may seek relief through the prison's administrative process. A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE